IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL JOHNSON<br>247 8th Street, NE, Apt. A<br>Washington, DC 20002<br><br>Plaintiff,<br><br>v.<br><br>LUMENOS, Inc.<br>1801 N. Beauregard Street<br>Alexandria, VA 22312<br><br>Serve: M. Carter Delorme, Esq.<br>Connie Bertram, Esq.<br>Winston & Strawn, LLP<br>1700 K Street, NW<br>Washington, DC 20006<br><br>Defendant. | FILED<br>JUL 17 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>Civil Action No._____<br><br>CASE NUMBER  1:06CV01270<br>JUDGE: Ricardo M. Urbina<br>DECK TYPE: Employment Discrimination<br>DATE STAMP: 07/**/2006 |

## COMPLAINT AND JURY DEMAND

### NATURE OF CLAIM

1.      Plaintiff brings this civil action for monetary damages against Lumenos, Inc. based upon the following claims: discrimination based on race and sexual orientation, harassment, hostile workplace environment, retaliation, and wrongful termination in violation of 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; and the Human Rights Code of the City of Alexandria, Virginia, Code 1963, Sec. 18A-1. Plaintiff was subjected to discrimination, retaliation, harassment and hostile treatment by Defendant's employees and/or agents, of which management was apprised and failed to prevent. The injuries that Plaintiff suffered were committed, ratified and allowed to continue as a direct and proximate result of the conduct of principals, agents and employees of the Defendant, Lumenos.

## JURISDICTION

2.  Jurisdiction of this Court is founded on 28 U.S.C. §§1331 and 1337 and Title VII, 42 U.S.C. § 2000e *et seq.*

## VENUE

3.  Venue lies in this Court because Plaintiff resides in the District of Columbia and Defendant Lumenos does business in the District of Columbia. The alleged unlawful conduct was committed in the City of Alexandria, Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.  Plaintiff filed timely charges with the Equal Employment Opportunity Commission pursuant to 42-U.S.C. § 2000e and brings this action within ninety (90) days of his receipt of the Notice of Right to Sue.

## PARTIES

5.  Plaintiff Samuel Johnson (hereinafter "Johnson") is an African-American male who resides at 247 8th Street, NE, Apt. A, Washington, DC 20002. He is a citizen of the United States. He was employed by Defendant Lumenos.

6.  Defendant Lumenos is a business located at 1801 N. Beauregard Street, Alexandria, Virginia and doing business in the District of Columbia.

## FACTS COMMON TO ALL CLAIMS

7.  At all times relevant herein, Plaintiff was employed in the offices of Defendant Lumenos.

8.  Defendant subjected Plaintiff to discrimination based on his race and sexual orientation.

9. Plaintiff complained to Defendant's management that such treatment was discriminatory and offensive.

10. After Plaintiff complained, Defendant's conduct toward him became retaliatory and increasingly hostile.

11. Within three weeks of Plaintiff's complaint of discrimination, Plaintiff was terminated in retaliation for such complaint. Plaintiff became emotionally overwhelmed and depressed as a result.

12. In further retaliation against Plaintiff, Defendant opposed Plaintiff's claim for unemployment compensation benefits.

13. As a direct and proximate result of the foregoing violations, and acts of discrimination and retaliation, Plaintiff Johnson has suffered severe emotional distress, anxiety, loss of self-esteem, sleep disorder, depression, severe disruption of family and social life, feelings of helplessness, headaches, stomach aches, shortness of breath, ulcer-like symptoms, other physical and emotional injuries, and economic damages.

14. Defendant's conduct was evil, mean-spirited and malicious.

15. Plaintiff relies upon the theory of *respondeat superior*.

## CAUSES OF ACTION

### COUNT I - Discrimination

16. As a direct and proximate result of Defendant's conduct described above, Plaintiff was caused to suffer severe emotional distress and mental anguish, physical and emotional injuries, and economic damages.

WHEREFORE, Plaintiff demands as follows:

    a.    Judgment against Defendant for compensatory damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00)

    b.    Judgment against Defendant for punitive damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00) for Defendant's illegal actions toward Plaintiff and to deter similar conduct in the future.

Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## COUNT II - Hostile Workplace Environment

17.    Defendant's illegal and inappropriate conduct, and knowing and willful ratification, toleration, and callous and/or deliberate and malicious refusal to address and/or discipline such conduct, brought about an intimidating, offensive and hostile work environment for the Plaintiff that affected the conditions of his employment. Such conduct was common and pervasive.

18.    As a direct and proximate result of Defendant's conduct described above, Plaintiff was caused to suffer severe emotional distress and mental anguish, physical and emotional injuries, and economic damages.

WHEREFORE, Plaintiff demands as follows:

    a.    Judgment against Defendant for compensatory damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00)

    b.    Judgment against Defendant for punitive damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00) for Defendant's illegal actions toward Plaintiff and to deter similar conduct in the future.

Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## COUNT III - Retaliation

19. After Plaintiff complained of Defendant's discriminatory conduct, Defendant retaliated against Plaintiff with the knowledge and apparent ratification of Defendant.

20. Defendant's actions, omissions and failures constituted an intentional disregard for and indifference to Plaintiff's human and civil rights.

21. As a direct and proximate result of Defendant's conduct described above, Plaintiff was caused to suffer severe emotional distress and mental anguish, physical and emotional injuries, and economic damages.

WHEREFORE, Plaintiff demands as follows:

a. Judgment against Defendant for compensatory damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00)

b. Judgment against Defendant for punitive damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00) for Defendant's illegal actions toward Plaintiff and to deter similar conduct in the future.

Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## COUNT IV
## NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Defendant, through the conduct of its principals/agents/employees, intentionally caused harm to Plaintiff by their extreme, willful, reckless, callous, shameful and outrageous conduct. Defendant's conduct was directed against Plaintiff for the purpose of causing him to suffer extreme emotional and mental distress and anguish.

23. As a direct and proximate result of Defendant's outrageous and malicious conduct against Plaintiff, he has suffered embarrassment, humiliation and harm to his reputation, honor

and person, degradation, mental anguish, and continues to suffer physical and emotional injuries and economic damages.

WHEREFORE, Plaintiff demands as follows:

a.  Judgment against Defendant for compensatory damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00)

b.  Judgment against Defendant for punitive damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00) for Defendant's illegal actions toward Plaintiff and to deter similar conduct in the future.

Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## COUNT V
## RETALIATORY TERMINATION

24.  Defendant knowingly and willfully ratified and tolerated the abuse, harassment, retaliation and hostile workplace environment suffered by Plaintiff.

25.  As a direct and proximate result of Defendants retaliatory termination of Plaintiff, he has suffered, and continues to suffer severe emotional and mental distress, shame, loss of self-esteem, embarrassment, humiliation and harm to his reputation, honor and person, degradation, mental anguish, anxiety, and other physical and emotional injuries and economic damages.

WHEREFORE, Plaintiff demands as follows:

a.  Judgment against Defendant for compensatory damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00)

b.  Judgment against Defendant for punitive damages in an amount in excess of TWO HUNDRED FIFTY THOUSAND dollars ($250,000.00) for Defendant's illegal actions toward Plaintiff and to deter similar conduct in the future.

Reasonable attorney's fees, costs, and such other relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,
DONALD M. TEMPLE, P.C.

By: _____
Donald M. Temple, Esq.  [408749]
Rabiah Abdullah, Esq.  [459984]
1229 15th Street, NW
Washington, D.C.  20005
(202) 628-1101
