## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV01270 (RMU) |
| | ) | |
| LUMENOS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, TO TRANSFER

Pursuant to Rules 12(b)(2) and 12(b)(3) of Federal Rules of Civil Procedure, Defendant

Lumenos, Inc. ("Lumenos") moves to dismiss Plaintiff's Complaint for lack of personal

jurisdiction and for improper venue.  In the alternative, Lumenos moves to transfer this action to

the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404

or 28 U.S.C. § 1406.  In support of its Motion, Lumenos submits its Memorandum in Support.

Respectfully submitted,


s/_____
Connie N. Bertram (D.C. Bar No. 435840)
M. Carter DeLorme (D.C. Bar No. 452791)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5000
(202) 282-5100 (fax)

Counsel for Defendant Lumenos, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a true and correct copy of the attached

Defendant's Motion to Dismiss or, in the Alternative, to Transfer to be served in accordance with

electronic filing procedures on this 21st day of August, 2006, on the following individual:

Donald M. Temple
Temple Law Office
1229 15th Street, N.W.
Washington, D.C.  20005

s/_____
Connie N. Bertram

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAMUEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV01270 (RMU) |
| | ) | |
| LUMENOS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER**

Pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28

U.S.C. §§ 1404 and 1406, Defendant Lumenos, Inc. ("Lumenos") submits its Memorandum in

Support of its Motion to Dismiss or, in the Alternative, to Transfer.

**I.    INTRODUCTION**

On April 11, 2005, Plaintiff Samuel Johnson, a former Lumenos employee, filed a charge

of discrimination with the Alexandria Office of Human Rights and the Equal Employment

Opportunity Commission ("EEOC"), alleging that Lumenos discriminated against him based on

his race and sexual orientation and retaliated against him. See Charge of Discrimination No. E-

022-041105, EEOC No. 10A-A5-00030, attached hereto as Exhibit A. After an investigation,

the Office of Human Rights made a "no probable cause" finding and dismissed Plaintiff's

charge. The EEOC issued a right to sue letter to Plaintiff on April 17, 2006.[1] On July 17, 2006,

---

[1]  In a separate proceeding, Plaintiff also challenged the denial of his claim for unemployment
compensation based on his termination for "gross misconduct." This resulted in a hearing before
the District of Columbia Office of Administrative Hearings on May 11, 2005, during which

Plaintiff filed this Complaint alleging discrimination based on race and sexual orientation, harassment, and retaliation in violation of 42 U.S.C. § 1981, Title VII, and the Alexandria Human Rights Code, and Virginia common law claims of negligent and intentional infliction of emotional distress.

As explained in detail below, venue for Plaintiff's federal employment claims does not lie in the District of Columbia under either the Title VII venue provision or the general venue provision that applies to claims under 42 U.S.C. § 1981 and common law tort claims. In addition, this Court does not have personal jurisdiction over Lumenos because it does not maintain the "continuous and systematic" contacts with the forum that are necessary to exercise jurisdiction under the D.C. long-arm statute and principles of due process. Thus, dismissal of the Complaint is appropriate under Rules 12(b)(2) and 12(b)(3). In the alternative, this action should be transferred under 28 U.S.C. § 1406 to the Eastern District of Virginia because venue is proper and Lumenos is subject to personal jurisdiction there.

Even if this Court concludes that venue is proper in this jurisdiction and that this Court may exercise personal jurisdiction over Lumenos, a transfer pursuant to 28 U.S.C. § 1404 is warranted. The Eastern District of Virginia is the most convenient forum for the parties and witnesses, and is the judicial district with the most compelling local interest in resolution of this matter. Plaintiff worked for Lumenos in Virginia only. Additionally, Lumenos has its principal place of business in Virginia, each and every challenged employment decision was made by Plaintiff's supervisors in Virginia, all of the relevant witnesses work in Virginia, and all of the

---

several Lumenos witnesses testified regarding the events leading to Plaintiff's termination. After the unemployment hearing, Administrative Law Judge James C. Harmon decided that Plaintiff had been terminated for "gross misconduct" and thus affirmed the denial of his unemployment compensation claim.

employment records that are potentially relevant to this action are located in Virginia. Therefore, this action should be transferred to the United States District Court for the Eastern District of Virginia.

## II.    ARGUMENT

### A.    Venue For Plaintiff's Federal Employment Claims Does Not Lie In The District Of Columbia

#### 1.    Venue Is Improper Under The Title VII Venue Provision

Venue is improper in the District of Columbia for Plaintiff's Title VII claims. The appropriate standard for venue in Title VII cases is not the general venue statute, 28 U.S.C. § 1391, but rather the Title VII venue provision set forth in 42 U.S.C. § 2000e-5(f)(3). Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969). The venue provision states, in pertinent part:

> Such an action may be brought in any judicial district in the State
> in which the unlawful employment practice is alleged to have been
> committed, in the judicial district in which the employment records
> relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked
> but for the alleged unlawful employment practice, but if the
> respondent is not found within any such district, such an action
> may be brought within the judicial district in which the respondent
> has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Venue is not proper in this District under this provision. Plaintiff alleges in this action that Lumenos managers in Virginia discriminated against him while he was working in Virginia. Plaintiff does not allege that he was subjected to any discrimination in the District of Columbia or that the relevant employment records are maintained or administered there. See Declaration of Linda Goldberg ("Goldberg Dec.", attached hereto as Exhibit B) ¶ 6. Finally, Plaintiff does not allege that he would have worked in the District of Columbia but for the alleged

discrimination. Thus, venue is not proper in the District of Columbia for Plaintiff's Title VII

claims. See, e.g., James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20-21 (D.D.C.

2002) (Urbina, J.) (venue improper in District of Columbia for Title VII claims); Jyachosky v.

Winter, 2006 WL 1805607, *3 (D.D.C. June 29, 2006) (same); Saran v. Harvey, 2005 WL

1106347, *4 (D.D.C. May 9, 2005) (same).

### 2.    Venue Is Improper Under The General Federal Venue Provision

Venue also is improper in the District of Columbia for Plaintiff's other claims against

Lumenos. The venue statute applicable to Plaintiff's section 1981 and common law claims

provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may . . . be brought only in (1) a judicial
> district where any defendant resides, if all defendants reside in the
> same State; (2) a judicial district in which a substantial part of the
> events or omission giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is
> situated, or (3) a judicial district in which any defendant may be
> found, if there is no district in which the action may otherwise be
> brought.

28 U.S.C. § 1391(b).

Plaintiff's section 1981 and common law claims cannot be maintained in the District of

Columbia. Because none of the events giving rise to these claims occurred in the District of

Columbia, venue is not proper under section 1391(b)(2). See Meyer v. Reno, 911 F. Supp. 11,

15 (D.D.C. 1996) ("because none of the alleged events or omissions giving rise to the plaintiff's

claims took place in the District of Columbia, but rather [another state], venue could not lie

under § 1391(b)(2)"); Williams v. United States, 932 F. Supp. 357, 363 (D.D.C. 1996) (finding

venue improper where most of plaintiff's claims centered "exclusively around activities that

occurred outside of the district"). Plaintiff cannot avail himself of section 1391(b)(3), which

applies only "if there is *no district* in which the action may otherwise be brought," because this

4

case could have been brought in Virginia, where all of the events giving rise to the action occurred.

In addition, venue is not proper under section 1391(b)(1) because Lumenos does not "reside" in the District of Columbia. A corporate defendant is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). General personal jurisdiction may be established under section 13-334(a) of the D.C. Code upon a showing that the corporation is "doing business in the District." In order to justify the exercise of general jurisdiction, principles of due process require that the defendant's business contacts with the forum district be "continuous and systematic." Helicopteros v. Nacionales de Colombia, 466 U.S. 408, 415 (1984); El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 675 (D.C. Cir. 1996). The plaintiff "bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant." Bancoult v. McNamara, 214 F.R.D. 5, 9 (D.D.C. 2003).

This Court's decision in Bayles v. K-Mart Corp., 636 F. Supp. 852, 856 (D.D.C. 1986), demonstrates the application of these standards. In Bayles, a Virginia resident sued K-Mart Corporation in the District of Columbia for injuries that he sustained at a K-Mart store in Annandale, Virginia. Id. at 854. The plaintiff asserted that the Court had personal jurisdiction over K-Mart because it advertised and maintained a resident agent in the District of Columbia. Id. at 856. The Court held that, because the plaintiff did not allege or demonstrate that K-Mart's advertising contacts were "pervasive," K-Mart's activities in the District of Columbia were insufficient to justify the exercise of personal jurisdiction, even though K-Mart maintained a resident agent there. Id.

Similarly, Plaintiff cannot establish jurisdiction over Lumenos because Lumenos does not do business in and has extremely minimal contacts with the forum. Lumenos is incorporated

5

under the laws of Virginia and based in Virginia.  Goldberg Dec. ¶ 3.  It is not registered to do

business in the District of Columbia and does not have a registered agent for service of process

there.  Id.  Lumenos does not have any employees based in the District of Columbia or

performing any business functions there.  Id.  Furthermore, it does not sell any products or

services to customers in the District of Columbia, and does not pay any corporate taxes to the

District of Columbia.  Id.[2]

In sum, Lumenos does not "do business" in the District of Columbia for purposes of the

D.C. long-arm statute.  Accordingly, venue in this Court is improper for Plaintiff's section 1981

and common law claims.  Because venue does not lie in the District of Columbia for any of

Plaintiff's claims, the Complaint should be dismissed pursuant to Rule 12(b)(3).

### B.  This Court Does Not Have Personal Jurisdiction Over Lumenos, Requiring Dismissal Under Rule 12(b)(2)

For the reasons set forth above, Lumenos does not "reside" in the District of Columbia,

and therefore is not subject to the personal jurisdiction of this Court.  See 28 U.S.C. § 1391(c);

D.C. Code § 13-334(a); see also World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 293

(1980) (exercise of jurisdiction over corporate defendant without sufficient contacts to forum

would violate due process).  Thus, the Complaint should also be dismissed pursuant to Rule

12(b)(2).

---

[2]  The only possible remote connection between Lumenos and this forum is that some of
Lumenos's customers employ relatively few workers in the District of Columbia.  Of the
130,000 employees covered by Lumenos' health plans through employers, only 135 (or .1
percent) reside in the District of Columbia.  Id. ¶ 4.  Clearly, this does not constitute the type of
"continuous and systematic" contact that would render Lumenos subject to this Court's personal
jurisdiction.

**C.    In The Event That This Court Declines To Dismiss The Action, The Interests Of Justice Demand That It Be Transferred To The Eastern District Of Virginia**

Even if this Court declines to dismiss the Complaint, there is no question that this action should be transferred pursuant to 28 U.S.C. § 1406 to the Eastern District of Virginia, the only venue that is appropriate for all of Plaintiff's claims. The Eastern District of Virginia is where the unlawful employment practices are alleged to have been committed, Complaint ¶ 3, and it is where the relevant employment records are maintained and administered, Goldberg Dec. ¶ 6. The Eastern District of Virginia is also the judicial district in which Lumenos has its principal office and where all of the relevant witnesses, other than Plaintiff, work. Id. ¶¶ 3, 7.

Upon a finding of improper venue for federal employment claims, this Court has exercised its discretion to transfer the case pursuant to 28 U.S.C. § 1406 to the judicial district where venue is appropriate for all claims. See, e.g., James, 227 F. Supp. 2d at 25 ("courts have routinely transferred such cases to neighboring jurisdictions when a plaintiff fails to carry his burden to demonstrate proper venue [under Title VII]"); Jyachosky, 2006 WL 1805607, at *13 ("because the Eastern District of Virginia is the only district where Jyachosky's Title VII claims and ADEA claims may be simultaneously prosecuted, the court finds that the interests of justice requires that Complaints 1 and 2 be transferred to the Eastern District of Virginia.").[3] In this case, a transfer is necessary because the Eastern District of Virginia, the proper venue for each of

---

[3] See also Saran v. Harvey, 2005 WL 1106347, *4 (transferring action to Eastern District of Virginia, a proper venue for all of plaintiff's claims); Archuleta v. Sullivan, 725 F. Supp. 602, 606 (D.D.C. 1989) (transferring plaintiff's Title VII, ADEA and Rehabilitation Act claims pursuant to 28 U.S.C. § 1406(a) to district that was proper for all claims); Hayes v. RCA Serv. Co., 546 F. Supp. 661, 666 (D.D.C. 1982) ("The transfer will preserve the plaintiff's right to proceed under Title VII, while at the same time avoiding the prospect to two markedly similar discrimination actions, one under Title VII and the other under 42 U.S.C. § 1981, being brought in different judicial districts.").

Plaintiff's claims, is the only forum in which all of Plaintiff's claims can be adjudicated in a single action.

Moreover, even if a transfer pursuant to 28 U.S.C. § 1406 were not appropriate, there is no question that the transfer of this action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404 would be warranted. 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) places "discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by case consideration of convenience and fairness." Trout Unlimited v. United States Dept. of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996) (quoting Van Dusen v. Barrack, 376 U.S. 612 (1964)).

Where an alternative forum is available, the court focuses on the convenience of the witnesses and the interests of justice in determining whether to transfer an action. Trout, 944 F. Supp. at 16. As discussed below, in performing this assessment, courts typically look to a variety of both private and public factors. An examination of these factors compels the conclusion that this action should be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404.

### 1.    Private Interests Weigh In Favor Of Transfer To Virginia

The private factors in this case weigh heavily in favor of transferring this action to the Eastern District of Virginia. In determining whether to transfer a case pursuant to section 1404(a), the Court examines the following private factors: (1) the forum in which the claim arose; (2) the parties' respective choice of forum; (3) the convenience of the parties and witnesses; and (4) the ease of access to sources of proof. Kafack v. Primerica Life Ins. Co., 934

8

F. Supp. 3, 6 (D.D.C. 1996) (Urbina, J.); Trout, 944 F. Supp. at 16. In this case, each of these factors militates in favor of a transfer to the Eastern District of Virginia.

With respect to the first factor, this Court has recognized that where, as here, a plaintiff alleges discrimination, the claim arises where the alleged discriminatory acts took place. See Liban v. Churchey Group II, 305 F. Supp. 2d 136, 142 (D.D.C. 2004). In this case, Plaintiff concedes that the "alleged unlawful conduct was committed in the City of Alexandria, Virginia," Complaint ¶ 3, where he worked for Lumenos.[4]  Goldberg Dec. ¶ 5. Although the Complaint does not offer many facts in support of Plaintiff's allegations, based on his charge of discrimination, it is clear that each of the alleged acts of discrimination and harassment occurred at Lumenos's offices in Virginia. Similarly, each of the challenged employment decisions was made in Virginia by Lumenos representatives who were employed in Virginia. Goldberg Dec. ¶ 7. Moreover, Plaintiff filed a charge of discrimination with the Alexandria, Virginia Office of Human Rights. Under these circumstances, the Court must conclude that Plaintiff's claims clearly arose in Virginia. See Payne v. Giant of Maryland, LLC, No. 05-897 (GK), at 13 (Kessler, J.) (D.D.C. June 28, 2006) (unpublished Memorandum Opinion attached hereto as Exhibit C) (transferring action to Maryland, where plaintiff was employed and where all incidents giving rise to his race discrimination claim occurred).[5]

---

[4]  The threshold requirement for transfer under § 1404(a) is that there must be another district in which the action might have been brought. Trout, 944 F. Supp. at 16. It is beyond dispute that the present action might properly have been brought in the Eastern District of Virginia because, as explained above, all of the alleged actions giving rise to Plaintiff's claim occurred in Virginia. See subsection II.A, supra. Consequently, an alternative forum for this dispute is clearly available.

[5]  See also Berenson v. National Fin. Serv., 319 F. Supp. 2d 1, 4 (D.D.C. 2004) (transferring case to Massachusetts because, inter alia, corporate decisions resulting in the alleged harm were made in Massachusetts); South Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 88 (D.D.C.

The convenience of the parties and witnesses, as well as the availability of sources of proof, also favor a transfer to Virginia. All of the relevant witnesses, including those involved in the alleged harassment and termination decision, work in Alexandria, Virginia.[6] Consequently, a Virginia forum would be more convenient for the witnesses, particularly given the close proximity of Lumenos' offices in Alexandria to the Eastern District of Virginia. In addition, all of the documents and records relevant to Plaintiff's claims are located at Lumenos' corporate headquarters in Alexandria, Virginia. Goldberg Dec. ¶ 6. In contrast, not a single source of proof is located in the District of Columbia. Thus, the convenience of the witnesses and the availability of the sources of proof also plainly favor a transfer to Virginia.

Finally, although generally a plaintiff's choice of forum is entitled to due deference, Kafack, 934 F. Supp. at 6, it is well established that this deference is diminished "if a plaintiff's choice of forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." Liban, 305 F. Supp. 2d at 142; see also Schmidt v. American Inst. of Physics, 322 F. Supp. 2d 28, 32 (D.D.C. 2004) (Urbina, J.) ("the District of Columbia lacks meaningful ties to the controversy, and thus affords little deference to the plaintiff's choice of forum"); Franklin v. Southern Ry. Co., 523 F. Supp. 521, 524 (D.D.C. 1981) ("as the matter here is so inextricably linked to the state of Virginia, plaintiff's choice of forum cannot be given anything like the same consideration given in cases where the chosen forum has a true connection with the

---

2004) (granting motion to transfer to Utah because the case primarily involved decisions of official in Utah and no relevant records or witnesses were located exclusively in District of Columbia).

[6] These potential witnesses include the following Lumenos employees who testified at Plaintiff's unemployment hearing: Linda Goldberg, Director of Human Resources; Anne VanBronkhorst, Vice President of Customer Service, and Customer Service Managers Joseph Russell and Vera Metts.

10

matter"); <u>Trout</u>, 944 F. Supp. at 17 ("[t]he showing that defendants must make is lessened when the 'plaintiff's choice [of forum] has no factual nexus to the case'"). Plaintiff's choice of forum here cannot outweigh the many factors that compel the conclusion that the action should be transferred to the Eastern District of Virginia.

**2.    <u>Public Interests Weigh In Favor Of A Transfer To Virginia</u>**

The public factors considered by the Court in assessing whether a transfer pursuant to section 1404(a) is appropriate include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. <u>Trout</u>, 944 F. Supp. at 16. Like the private factors, the public factors in this case weigh heavily in favor of transferring this action to the Eastern District of Virginia.

First, it is clear that the Virginia courts will be more familiar with the laws that govern Plaintiff's claims. The Complaint appears to assert a claim under the Human Rights Code of the City of Alexandria, Virginia, as well as a state law tort claims for negligent and intentional infliction of emotional distress. Under District of Columbia choice of law principles,[7] Virginia law would apply to those claims. Moreover, the Eastern District of Virginia has more experience applying relevant precedent from the Fourth Circuit, which applies to Plaintiff's federal

---

[7] When addressing choice of law questions, the District of Columbia uses the "governmental interest" analysis. <u>Perkins v. Marriott Int'l, Inc.</u>, 945 F. Supp. 282, 284 (D.D.C. 1996) (citing <u>District of Columbia v. Coleman</u>, 667 A.2d 811, 816 (D.C. 1995)). In conducting this analysis, the court considers the place where the injury and the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship is centered. <u>Id.</u> As discussed above, all of the alleged operative events occurred in the state of Virginia, and Lumenos's principal place of business is located in Virginia. These factors plainly establish that Virginia law applies to Plaintiff's Virginia statutory and tort claims.

11

employment claims. Thus, there is no question that the transferee court will be more familiar with the law that governs Plaintiff's claims. As this Court has recognized in previous decisions, the public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." See Schmidt, 322 F. Supp. 2d at 35 (Urbina, J.); see also Kafack, 934 F. Supp. at 3, 8 (granting motion to transfer venue to District of Maryland because Maryland law would apply to certain of the claims).

Second, there is no reason why this Court with its own calendar of cases arising out of events occurring in the District of Columbia should be burdened with a case that has no connection to the District of Columbia. See Air Line Pilots Ass'n v. Eastern Air Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (conservation of judicial resources is a proper consideration in determining whether to transfer venue). Since this case is in its earliest stages, there would be no delay associated with the Eastern District of Virginia "having to familiarize itself with this case." See Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 57 (D.D.C. 2000) (Urbina, J.) (transferring action) (quoting Trout, 944 F. Supp. at 19). Upon considering the relative docket congestion and potential speed of resolution of both the transferor and transferee courts, this Court has not hesitated to transfer cases to neighboring federal districts. See, e.g., Schmidt, 322 F. Supp. 2d at 35 ("[a]lthough the court has no reason to believe that the docket of the District of Maryland is more or less congested than the docket of this court, it is clear that transfer would not delay this case's resolution"); Kafack, 934 F. Supp. at 7-8 (no delay associated with transferring the case to Maryland).

Finally, Virginia clearly possesses the local interest in this action. As previously discussed, the alleged wrongful acts in this case occurred in Virginia, and Lumenos's principal place of business is located there. Thus, this action is a controversy local to Virginia, thereby

12

giving Virginia a greater interest in it than the District of Columbia. See, e.g., King, 709 F. Supp. at 262 (transferring action to Eastern District of Virginia despite fact that plaintiff resided in District of Columbia, because accident occurred during course of plaintiff's employment in Virginia); Liban, 305 F. Supp. 2d at 143 (controversy local to Maryland because alleged discriminatory events occurred in Maryland); McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 41-42 (D.D.C. 2003) (where defendant allegedly injured a North Carolina resident in North Carolina, the local interest was in North Carolina); Payne, Ex. B at 13 (transferring action to Maryland where circumstances giving rise to Plaintiff's discrimination claim all arose in Maryland).

Accordingly, the public interest factors weight in favor of transferring this case.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court transfer this case to the Eastern District of Virginia.

Respectfully submitted,

s/_____
Connie N. Bertram (D.C. Bar No. 435840)
M. Carter DeLorme (D.C. Bar No. 452791)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5000
(202) 282-5100 (fax)
Counsel for Defendant Lumenos, Inc.

13