EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
KENNETH PAYNE,                )
                              )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No. 05-897 (GK)
                              )
GIANT OF MARYLAND, L.L.C.     )
                              )
        Defendant.            )
_____)
```

### MEMORANDUM OPINION

Plaintiff, Kenneth Payne, brings this suit under 42 U.S.C. § 1981, alleging race discrimination and retaliation against Defendant, Giant of Maryland, L.L.C.. This matter is before the Court on Defendant's Motion to Transfer. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion to Transfer, [#25], is **granted**, and this case shall be transferred to the United States District Court for the District of Maryland.

I. BACKGROUND

Defendant, Giant of Maryland, L.L.C. ("Giant"), operates grocery stores in the District of Columbia, Virginia, and Maryland, and has warehouses in Maryland. Answer ¶ 3. Giant is headquartered in Landover, Maryland. Id.

Plaintiff, Kenneth Payne, owns a home in Prince George's County, Maryland. Pl.'s Opp'n at 8. He resided with his mother in D.C. for four months in 2005. Id., Ex. 1 at ¶ 8.

In February 1986, Plaintiff began working for Giant at a

warehouse in Landover, Maryland. Second Am. Compl. ¶ 5. Defendant fired Payne in October 1992. Id. Subsequently, Payne filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that his termination was motivated by racial discrimination. Id. ¶ 6. He later sued Giant in this Court (No. 94-1254 (GK)) alleging violations of Title VII and 42 U.S.C. § 1981. Id. Payne and Giant settled that case in August 1996. Id. ¶ 8. Pursuant to the settlement agreement, Plaintiff's disciplinary record was expunged and he returned to work at the Landover warehouse. Id. ¶ 9.

In January 1998, Plaintiff was suspended for three days and placed on final warning in connection with an incident at the office of a physician retained by Giant. Id. Payne protested the severity of the disciplinary action by filing a grievance and a charge of racial discrimination with the EEOC. Id. ¶ 10.

In July 2000, Defendant issued a written warning to Plaintiff, as a result of a dispute over the use of a photocopier. Id. Payne asked that Giant review the security camera film, which had captured the incident in question, but alleges that Giant refused. Id. Plaintiff protested the warning by filing a grievance and a charge of racial discrimination with the EEOC. Id.

Plaintiff alleges that on April 18, 2002, while he was working for Giant as a Produce Janitor, his supervisor, Edward Tillery, directed him to work outside his assigned area, insulted him, and

2

falsely reported that Payne had threatened him.  Second Am. Compl. ¶ 11.  Later that day, the Warehouse Operations Manager and Shift Superintendent convened a meeting with Payne and Tillery to discuss the incident.  Id. ¶ 12.  At the end of the meeting, Plaintiff was suspended pending an investigation of the incident.  Id.  He was later fired by the Director of the Distribution Center.  Id.

Local 730, the Union representing Plaintiff, grieved his dismissal and took the matter to arbitration.  Id. ¶ 13.  The arbitration hearing was conducted in D.C. in June 2003.  Id.  In March 2004, the arbitrator issued a decision denying Plaintiff back pay, but ordering his reinstatement on the condition that Plaintiff enter into a last chance agreement.  Id. ¶ 14.

Payne filed a petition in this Court (Civ. No. 04-662 (ESH)) to modify the arbitral award.  Id. ¶ 15.  The Court dismissed the petition in October 2004.  Id.  After filing and then withdrawing an appeal, Payne sought reinstatement with Giant on the terms specified by the arbitrator.  Id. ¶¶ 15-16.  Giant refused to reinstate him.  Id. ¶ 15.

Plaintiff now brings this suit against Defendant alleging racial discrimination in violation of 42 U.S.C. § 1981.  Specifically, Plaintiff alleges that termination of his employment in 2002, and the subsequent refusal to reinstate him on the terms specified by the arbitrator constituted racial discrimination.  Furthermore, Plaintiff alleges that termination of his employment

3

and refusal to reinstate him constituted retaliation for his prior complaints about racial discrimination.

On September 28, 2005, Defendant filed the instant Motion to Transfer to the United States District Court for the District of Maryland, under 28 U.S.C. § 1404(a).[1]

## II. STANDARD OF REVIEW

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) gives the district court discretion "to adjudicate motions to transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The moving party bears the burden of "demonstrat[ing] that the 'balance of convenience of the parties and witnesses and the interest of justice are in [its] favor.'" Thayer/Patricof Educ. Funding, L.L.C. v. Pryor, 196 F. Supp. 2d 21, 31 (D.D.C. 2002) (quoting Armco Steel Co. v. CSX Corp., 790 F. Supp.

---

[1] This Motion was filed as a Motion to Dismiss or, in the Alternative, to Transfer. It was fully briefed by both parties before Plaintiff filed his Second Amended Complaint, in which he changed the named Defendants from Ahold U.S.A., Inc. and Giant Food, Inc. to Giant of Maryland, L.L.C.. Thereafter, the parties renewed their papers solely for the Motion to Transfer. Accordingly, the Defendant's Motion to Dismiss, [#24], is **denied** as moot, in light of the filing of the Second Amended Complaint, and the Court will address only the Motion to Transfer.

4

Case 1:06-cv-01270-RMU   Document 2-4   Filed 08/21/2006   Page 6 of 15
Case 1:05-cv-00897-GK   Document 38   Filed 06/28/2006   Page 5 of 14

311, 323 (D.D.C. 1991); see also Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 5 (D.D.C. 1996).

### III. ANALYSIS

Defendant claims that this action should be transferred to the United States District Court for the District of Maryland because the events giving rise to the Complaint all arose in Maryland, both Plaintiff and Defendant reside in Maryland, all but one of the potential witnesses reside in Maryland, and all of the potentially relevant employment records are located in Maryland. Def.'s Mot. at 2.

In response, Plaintiff argues that his choice of forum is entitled to deference and that therefore, the case should not be transferred to the District of Maryland. Pl.'s Opp'n at 8.

    **A.   Defendant's Motion to Transfer Must Be Granted Because Venue Is Proper in the District of Maryland and Because the Private Interests of the Parties and the Interests of Justice Weigh in Favor of Transfer**

On a motion to transfer under § 1404(a), the court must first determine whether the action could have been brought in the transferee court sought by the moving party, i.e., whether venue there is proper. Van Dusen, 376 U.S. at 613; Trout Unlimited v. U.S. Dept. of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996); Kafack, 934 F. Supp. at 4. In a suit based on a federal question, such as this one, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2).

Defendant seeks to transfer this case to the United States District Court for the District of Maryland. Venue is proper in Maryland because Plaintiff's claims arise out of a nucleus of facts that took place in Maryland. Specifically, all of the allegedly discriminatory actions took place at Defendant's Landover, Maryland warehouse, the relevant employee records are stored in Maryland, and Plaintiff filed his employment discrimination charges with the Prince George's County Human Rights Commission in Maryland. Def.'s Mot. at 8-9. Because the facts giving rise to Plaintiff's claim occurred in Maryland, he could have brought this action there.

In ruling on motions brought under § 1404(a), once the court satisfies itself that the action could have been brought in the transferee forum, it then proceeds to determine whether the case should be transferred based on the convenience of the parties and witnesses and the interests of justice. In making this determination, courts often consider certain other private interests of the parties. Trout Unlimited, 944 F. Supp. at 16. Upon consideration of all of these factors, this Court concludes that the case at bar must be transferred to the District of Maryland.

### 1. The Private Interests of the Parties Weigh in Favor of Transfer to Maryland

When determining whether transfer should be granted, courts have looked to the private interests of the parties, which include, but are not limited to, "(1) the plaintiff's choice of forum,

unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." Berenson v. Nat'l Fin. Servs., L.L.C., 319 F. Supp. 2d 1, 2-3 (D.D.C. 2004) (quoting McClamrock v. Eli Lilly Co., 267 F. Supp. 2d 33, 37 (D.D.C. 2003)); Thayer/Patricof, 196 F. Supp. 2d at 24 (internal citations omitted). Consideration of these factors, which the Court will address in turn, supports transferring this action to the District of Maryland.

    a.    **Plaintiff's Choice of Forum Is Given Minimal Deference Because He Is a Resident of the Transferee Forum and His Chosen Forum Has No Meaningful Ties to the Controversy**

Plaintiff's choice of forum traditionally receives deference, absent facts that would lead a district court to question the choice. Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr. Ltd., 24 F. Supp. 2d 66, 70 (D.D.C. 1998) (citing Int'l Bhd. of Painters v. Best Painting and Sandblasting, Co., 621 F. Supp. 906, 907 (D.D.C. 1985)); see also Gross v. Owen, 221 F.2d 94 (D.C. Cir. 1955)). However, "diminished consideration [is] accorded to a plaintiff's choice of forum where, as here, that forum has no meaningful ties to the controversy." Islamic Republic of Iran v. Boeing Co., 477 F. Supp. 142, 144 (D.D.C. 1979); see also Hawksbill

Sea Turtle v. FEMA, 939 F. Supp. 1, 3 (D.D.C. 1996).

Plaintiff asserts that he has significant ties to the District of Columbia including attending college here and living with his mother here for a four month period, during which time he filed this action. Pl.'s Opp'n at 1. However, unlike the cases Plaintiff relies on, these connections to the District have no bearing on the controversy giving rise to the Complaint. See Wilderness Soc'y v. Babbit, 104 F. Supp. 2d 10, 14 (D.D.C. 2000) (denying defendant's motion to transfer from D.C. to Alaska where the issue to be decided had national significance and four of the plaintiff organizations bringing the suit were headquartered in D.C.); Thayer/Patricof, 196 F. Supp. 2d at 31 (denying defendant's motion to transfer from D.C. to Kansas where plaintiff was a resident of D.C., the contract in dispute had been negotiated and executed in D.C., and the parties had exchanged money in D.C.).

The only activity remotely connected to this action which occurred in the District is the arbitration proceeding following the allegedly discriminatory events. Answer ¶ 13. The acts of alleged discrimination themselves have no connection to the District of Columbia, rather, they occurred in Maryland. Second Am. Compl. ¶¶ 9-12.

Furthermore, the deference to a plaintiff's choice of forum is " substantially diminished where . . . transfer is sought to the forum where plaintiff[] reside[s]." Citizen Advocates for

8

Responsible Expansion, Inc. v. Dole, 561 F. Supp. 1238, 1239 (D.D.C. 1983). In this case, Defendant seeks transfer to Maryland, where Plaintiff appears to have his permanent residency.[2] Pl.'s Opp'n at 8.

Because the transferee forum is where Plaintiff resides, and because the controversy has no meaningful ties to the District of Columbia, minimal deference is paid to Plaintiff's choice of forum.

### b. The Actions Giving Rise to Plaintiff's Claim Took Place in Maryland

Courts have often granted motions for transfer of venue where the circumstances giving rise to the controversy happened in the transferee forum. Berenson, 319 F. Supp. 2d at 4 (transferring case to Massachusetts where corporate decisions at issue were made in Boston); S. Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) (granting transfer to Utah where government decisions giving rise to the dispute were made there); Harris v. Republic Airlines, Inc., 699 F. Supp. 961, 963 (D.D.C. 1988) (granting transfer where the circumstances giving rise to the dispute were centered in Minnesota)

In this case, all incidents giving rise to Plaintiff's racial discrimination claim, including the allegedly discriminatory altercation between Plaintiff and Tillery, Defendant's subsequent

---

[2] Plaintiff does not indicate where he presently lives, but states that he owns a house in Prince George's County. Pl.'s Opp'n at 8. He lived with his mother in D.C. for four months in 2005 due to a dispute with his fiancé. See Pl.'s Opp'n, Ex. 1 at ¶ 8.

9

decision to fire Plaintiff, Plaintiff's filing of an EEOC complaint, and Defendant's determination not to reinstate Plaintiff after he rejected the terms of the arbitration, occurred in Maryland, where Plaintiff was employed. Second Am. Compl. ¶¶ 9-12. Therefore, when considering where the events giving rise to the controversy occurred, the balance weighs in favor of transferring this case to Maryland.

### c. Maryland Is a Convenient Forum for the Parties and the Witnesses

When considering the convenience of the parties and witnesses in a motion to transfer, the court has wide discretion to make a determination. See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) (finding that court's discretion regarding inconvenience of witnesses and parties in a § 1404(a) motion to transfer is broader than in a forum non conveniens analysis). Furthermore, courts have found that the close proximity of the Maryland courthouses to the District of Columbia minimizes any inconvenience to the parties or witnesses where a case is transferred from one venue to the other. See Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 142 (D.D.C. 2004); Kafack, 934 F. Supp. at 7 (finding that transfer from D.C. to Maryland will not inconvenience parties traveling from out of state, nor parties who live in the area); c.f. King v. Navistar Int'l Trans. Corp., 709 F. Supp. 261, 262 (D.D.C. 1989) (finding that the "close proximity" of the Eastern District of Virginia to the District of Columbia would not disturb the

10

convenience of the parties and witnesses).

In this case, the parties are all residents of Maryland. Pl.'s Opp'n at 8; Answer ¶ 3. Furthermore, all but one of the relevant witnesses reside in Maryland.[3] Def.'s Reply, Ex. D, Plano Decl. ¶ 8. In addition, though of lesser significance, the documents and records relevant to Plaintiff's claims are located at Giant's warehouse in Jessup, Maryland or at Giant's warehouse or headquarters in Landover, Maryland.[4] Def.'s Mot. at 10.

Plaintiff argues that the District of Columbia and the District of Maryland are equally convenient for the witnesses, and that his choice of forum therefore should be given deference. Pl.'s Opp'n at 10. Plaintiff relies on the Supreme Court's determination in Van Dusen that "[s]ection 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient," 376 U.S. at 645-46 (1964). However, in Van Dusen the Court ultimately found that the forum where the accident arose, and where the witnesses resided was the more convenient forum. See Thayer/Patricof, 196 F. Supp. 2d at 37

---

[3] The one witness who does not live in Maryland recently retired and moved to Maine. Def.'s Reply, Ex. D, Plano Decl. ¶ 8. As such, he will be equally inconvenienced by having to travel to court in D.C. or Maryland.

[4] The location of documents is a relatively minor factor given today's era of photocopying, faxing, scanning and express mail, which allows documents to be easily sent to any forum. See Thayer/Patricof, 196 F. Supp. 2d at 36 (internal citations omitted).

(finding more convenient the forum where half of the witnesses were located and where the actions giving rise to the claim arose).

In this case, where Plaintiff, Defendant, and all but one of the witnesses reside in Maryland, transfer to the District of Maryland is favored based on the convenience of the parties and witnesses.

### 2. The Interests of Justice Weigh in Favor of Transfer to Maryland

In addition to the private factors discussed above, in deciding a motion to transfer, courts take into account where the interests of justice will best be served. To make this determination, the court may consider (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts;[5] and (3) the local interest in deciding local controversies at home. Berenson, 319 F. Supp. 2d at 4 (citing Liban, 305 F. Supp. 2d at 141). Based on these factors, the interests of justice also favor transfer of this case to the District of Maryland.

#### a. Maryland Has an Interest in Having Local Controversies Decided at Home

It is clear that Maryland has a local interest in determining a case of employment discrimination between two of its residents at home. See Kafack, 934 F. Supp. at 9. Furthermore, this Court has

---

[5] Because Defendant prevails on both the first and third factors of this part of the analysis, the Court does not find a need to consider the relative congestion of the court calendars.

12

found that "controversies should be resolved in the locale where they arise." Id. As analyzed above, the circumstances giving rise to Plaintiff's discrimination claim all arose in Maryland, not in the District of Columbia. Therefore, Maryland's local interest in this case favors transferring it to the District of Maryland.

Plaintiff suggests that the District of Columbia has a local interest in deciding employment discrimination cases that occur in Maryland, because many D.C. citizens work in Maryland. Pl.'s Opp'n at 8. Plaintiff argues that D.C. residents' loss in salary as a result of workplace discrimination ultimately diminishes the city's tax base. This argument is without any merit because, as noted above, Plaintiff is not a D.C. resident.

### b. The United States District Court for the District of Maryland Is More Familiar with Maryland Law

Though this case arises under a federal statute, it may also involve application of Maryland law.[6] Under the District of Columbia's choice of law rules, the law governing Plaintiff's claims is the law of the state with the most significant relationship to the matters at issue. Trout Unlimited, 944 F. Supp. at 19 (citing Church of Scientology Int'l v. Eli Lilly & Co.,

---

[6] The Supreme Court has indicated that the state statute of limitations may apply for claims brought under 42 U.S.C. § 1981. See St. Francis College v. Al-Kharzraji, 481 U.S. 604, 608 (1995) (citing Wilson v. Garcia, 471 U.S. 261 (1985))(assuming, but not deciding, that § 1981 claims are best characterized as personal injury claims and will therefore be governed by the state statute of limitations).

13

848 F. Supp. 1018, 1026 (D.D.C. 1994)). Furthermore, the "interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." Id.; Armco Steel Co., 790 F. Supp. at 324; Islamic Republic of Iran, 477 F. Supp. at 144. Therefore, because the United States District Court for the District of Maryland is more familiar with Maryland law, transfer of this action will promote judicial economy. See Armco Steel Co., 790 F. Supp. at 324.

### IV. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Transfer, [#25], is **granted**. Accordingly, this case will be transferred to the United States District Court for the District of Maryland.

An Order will issue with this Memorandum Opinion.

June 28, 2006                      /s/
                                   Gladys Kessler
                                   United States District Judge

**Copies to: Attorneys of Record via ECF**

14