UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SAMUEL JOHNSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1270 (RMU) |
| | : | | |
| v. | : | Document No.: | 4 |
| | : | | |
| LUMENOS, INC., | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

Granting the Defendant's Motion to Transfer the Case to the United States
District Court for the Eastern District of Virginia

I. INTRODUCTION

The plaintiff, Samuel Johnson, brings suit against the defendant, Lumenos, Inc., alleging acts of employment discrimination in violation of both federal law and Virginia common law. The defendant moves the court to dismiss the action for lack of personal jurisdiction, or in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia ("the Eastern District of Virginia" or "the transferee district"). The plaintiff consents to the defendant's motion to transfer. Because the proposed transfer is appropriate pursuant to 28 U.S.C. § 1404, the court grants the defendant's motion and transfers the case to the Eastern District of Virginia.[1]

---

[1] As the court only transfers the case, it need not consider its own jurisdiction because "a lack of personal jurisdiction on the part of the transferor court does not prevent transfer . . . to any jurisdiction where the claims might have originally been brought." *In re: Vitamins Antitrust Litig.*, 270 F. Supp. 2d 15, 36-37 (D.D.C. 2003).

## II.    BACKGROUND

The plaintiff, an African-American male, was employed at the defendant company, located in Alexandria, Virginia. Compl. ¶¶ 5-7. During his employment, the plaintiff complained to the defendant's management that he had suffered "discriminatory and offensive" treatment. *Id*. ¶ 9. The plaintiff alleges that, after he complained to management, the defendant's conduct to the plaintiff "became retaliatory and increasingly hostile." *Id*. ¶ 10. Then, three weeks after the plaintiff's complaint, the plaintiff was fired. *Id*. ¶ 11.

After his termination, the plaintiff filed a charge of discrimination with the Alexandria Office of Human Rights and the Equal Employment Opportunity Commission, and the latter issued the plaintiff a right to sue letter. Def.'s Mot. at 1. Subsequently, the plaintiff initiated this suit, accusing the defendant of race and sexual orientation discrimination, harassment, hostile workplace environment, retaliation and wrongful termination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Alexandria Human Rights Code, in addition to an assortment of Virginia common law claims. *Id*. ¶¶ 1, 25.

## III.    ANALYSIS

### A.    Legal Standard for Venue under 28 U.S.C. § 1391(b) and Transfer Pursuant to 28 U.S.C. § 1404(a)

When federal jurisdiction is not premised solely on diversity, 28 U.S.C. § 1391(b) controls venue, establishing that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

>defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer the action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29. The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d

Cir. 1995), *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989), 15 FED. PRAC. & PROC. § 3848). The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

### B. The Court Transfers the Case to the Eastern District of Virginia

The defendant argues that because it and all the necessary witnesses are in Alexandria, Virginia, and because all disputed events occurred there, the Eastern District of Virginia is the proper venue pursuant to both Title VII and 42 U.S.C. § 1981. Def.'s Mot. at 2-3. Further, the defendant highlights that the transferee district is convenient for the parties and has "the most compelling local interest in resolution of this matter." *Id.* at 2. The defendant asserts, therefore, that transfer is proper under 28 U.S.C. § 1404. *Id.* The court agrees.

#### 1. The Plaintiff Could Have Brought this Case in the Transferee District

The court first considers whether the plaintiff could have brought this case in the Eastern District of Virginia. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Van Dusen*, 376 U.S. at 622). The defendant argues that the plaintiff could have brought this action in the transferee district because venue in that jurisdiction is proper pursuant to both Title VII and the general federal venue provisions. Def.'s Mot. at 3-6.

In a Title VII case, a plaintiff may bring the action in any one of four judicial districts. The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4]

4

> but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination.  *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969).  Here, all of the alleged acts underlying the suit took place in the Eastern District of Virginia, Compl. ¶ 3, Def.'s Mot. at 3, and the parties do not dispute that the records relevant to the plaintiff's employment are located in that district, Def.'s Mot. at 3.  Therefore, venue in the Eastern District of Virginia is proper pursuant to Title VII.  42 U.S.C. § 2000e-5(f)(3).

Similarly, the defendant asserts, and the plaintiff does not dispute, that venue is proper in the Eastern District of Virginia under the general federal venue provision, 28 U.S.C. § 1391(b) ("§ 1391(b)").  Def.'s Mot. at 4.  Section 1391(b) provides, *inter alia*, that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  *Id*.  The parties agree that the defendant company resides in Alexandria, Virginia – a city squarely within the transferee district – and that all of the relevant events occurred there.  Compl. ¶¶ 3-7, Def.'s Mot. at 5-6.  Therefore, the defendant has established that the plaintiff could have originally brought this action in the Eastern District of Virginia.

    **2.    The Balance of Private and Public-Interest Factors Favors Transfer**

Having concluded that the plaintiff could have brought this case in the Eastern District of Virginia, the court must now determine whether considerations of convenience and the interest of justice weigh in favor of transfer to that district.  *Trout Unlimited*, 944 F. Supp. at 16.

Specifically, the court considers the case-specific private and public-interest factors. *Stewart Org.*, 487 U.S. at 29.

### a.  Private-Interest Factors

The court first must determine whether the private-interest factors support the proposed transfer. *Trout Unlimited*, 944 F. Supp. at 16. Because the parties consent to the transfer, Pl.'s Response to Def.'s Mot. to Dismiss or Transfer, and the events giving rise to the claim occurred in Alexandria, Virginia, Compl. ¶ 3, the court presumes that the convenience of the parties favors transfer. Consequently, the only private-interest factors the court need consider are the convenience of the witnesses and the ease of access to proof.

As for the convenience of the witnesses, the court weighs this factor "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Trout Unlimited*, 944 F. Supp. at 16. The defendant asserts, and the plaintiff does not dispute, that all relevant witnesses, including the plaintiff's supervisors, are available for trial in Virginia. Def.'s Mot. at 2. Therefore, the witnesses are not unavailable in the transferee forum. *Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991) (explaining that a court must consider the "availability of compulsory process to compel the attendance of unwilling witnesses"). And, the parties ought to have ready access to proof, as the courthouse for the Eastern District of Virginia is in the same city where the alleged events occurred. The court, therefore, concludes that the private-interest factors favor transfer.

### b.  Public-Interest Factors

The public-interest factors also favor transfer. First, the court considers the transferee district's familiarity with the governing laws and its interest in deciding this controversy. *Trout Unlimited*, 944 F. Supp. at 16. The plaintiff's claims allege violations of federal law as well as

Virginia common law. Compl. ¶¶ 1, 25. The transferee district is, no doubt, familiar with federal law and competent to interpret it. *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 n.6 (D.D.C. 2003). Likewise, the transferee district is presumably familiar with Virginia law, and the public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Trout Unlimited*, 944 F. Supp. at 19.

Second, the court must consider the relative congestion of the calendars of the potential transferee and transferor courts. *Id*. at 16. The court has no reason to suspect that the Eastern District's docket could not accommodate this case. *Jyachosky v. Winter*, 2006 WL 1805607, at *6 (D.D.C. June 29, 2006). And, at any rate, the case has not evolved past the earliest stages of litigation, and the proposed transfer would not unduly delay the case's progress. *Schmidt v. Am. Inst. of Physics*, 322 F. Supp. 2d 28, 35 (D.D.C. 2004). In sum, the court concludes that the balance of private and public-interest factors favors transfer of this case to the Eastern District of Virginia.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to transfer this action to the United States District Court for the Eastern District of Virginia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of January, 2007.

RICARDO M. URBINA<br>
United States District Judge